IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

Case No. 1:25-cv-01128

AUGUST IMAGE, LLC,

     Plaintiff,

v.

JAK SCHMIDT, INC. d/b/a INSIDE THE
MAGIC,

     Defendant.

_____

## COMPLAINT

    Plaintiff August Image, LLC ("Plaintiff") sues defendant JAK Schmidt, Inc. d/b/a Inside the Magic ("Defendant"), and alleges as follows:

## THE PARTIES

    1.    Plaintiff is a limited liability company organized and existing under the laws of the State of New York with its principal place of business located in New York, NY.

    2.    Defendant is a corporation organized and existing under the laws of the State of New Mexico with its principal place of business located at 44 Los Balcones Pl NE, Rio Rancho, NM 87124. Defendant's agent for service of process is Kurtis Schmidt, 44 Los Balcones Pl NE, Rio Rancho, NM 87124.

## JURISDICTION AND VENUE

    3.    This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

    4.    This Court has personal jurisdiction over Defendant because it has maintained

sufficient minimum contacts with this State such that the exercise of personal jurisdiction over it would not offend traditional notions of fair play and substantial justice.

5.    Venue properly lies in this district pursuant to 28 U.S.C. § 1400(a) because Defendant or its agent resides or may be found in this district. "A defendant 'may be found' in any judicial district to which he would be subject to personal jurisdiction." Allison v. Wise, 621 F. Supp. 2d 1114, 1118 (D. Colo. 2007); see also McGregor v. In Tune Music Grp., No. 15-62044-CIV-ZLOCH, 2016 U.S. Dist. LEXIS 190302, at *11 (S.D. Fla. July 29, 2016) ("In other words, 'if a court has personal jurisdiction over the defendants in a copyright infringement action, venue in that court's district is proper.'") (quoting Store Decor Div. of Jas Int'l, Inc. v. Stylex Worldwide Indus., Ltd., 767 F. Supp. 181, 185 (N.D. Ill. 1991)).

## FACTS

### I.    Plaintiff's Business and History

6.    From its offices in New York City and London, Plaintiff represents (all around the world) over 100 of some of the most creative and innovative contemporary photographers working today.

7.    Plaintiff boasts a wide collection of portrait, lifestyle, beauty and fashion photography for editorial and commercial licensing. Some of Plaintiff's image collection and a list of the photographers it represents is available on its website (at https://www.augustimage.com/).

8.    Plaintiff sets itself apart from others because it is knowledgeable about its exclusive images and strives to provide a high level of customer satisfaction. In order to make its rights managed collection available to its clients, Plaintiff has spent years to secure the relationships, information and team to efficiently acquire the releases as necessary.

### II.    The Work at Issue in this Lawsuit

9.    William Arthur Strieber, Shayan Asgharnia, Mark Seliger, Erik Carter, Austin

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL 33065
TELEPHONE (877) 437-6228

Hargrave, and Ryan Pfluger are some of many renowned photographers represented by Plaintiff.

10.    William Arthur Streiber, a Los Angeles based photographer, is a director specializing in reportage, portraiture, corporate, entertainment, and advertising projects. Mr. Streiber's editorial and entertainment clients include *Vanity Fair*, *Entertainment Weekly*, Wired, *Fortune*, *ESPN*, *GQ*, ABC, CBS, NBC, HBO, A&E, CNN, MCNBC, Paramount, Sony Pictures, DreamWorks, Warner Brothers Studios, Columbia-TriStar, and Universal Studios, to name a few. Over the past 15 years, Mr. Streiber's photography has been selected for annual competitions of PDN, Communication Arts, and American Photography. His work can be viewed on his professional website (at http://www.artstreiber.com/).

11.    Shayan Asgharnia, born in Iran and raised in Texas, is an editorial and advertising photographer currently working between Los Angeles and New York. From Vice President Kamala Harris to Lady Gaga, Mr. Asgharnia is known for capturing the intrigue, magnetism and depth in his subjects, creating a connection between them and the viewer. Mr. Asgharnia's clients include AT&T, Forbes, Nike, Vanity Fair, The New York Times, Target, Twitter, and Warner Music, among many others. His work can be viewed on his professional website (at https://www.shayanasgharnia.com/bio).

12.    Mark Seliger, born in Amarillo Texas, became the Chief Photographer for *Rolling Stone* between the years 1992-2002, for which he shot over 175 covers. Most of his work can be seen in *Vanity Fair*, *Italian Vogue*, *Harper's Bazaar*, *Elle* and other magazines. He also does advertising work for Adidas, Anheuser-Busch, Levi's, McDonald's, Netflix, Ralph Lauren, Ray-Ban and more. He is the recipient of many esteemed awards like Alfred Eisenstaedt Award, Lucie Award, Clio Grand Prix, Cannes Lions Grand Prix, The One Show, ASME, SPG, the Texas Medal of Arts Award, and has works exhibited in museums and galleries around the world, like

the National Portrait Gallery at the Smithsonian Institution in Washington, D.C., the Museum of Fine Arts in Houston, and the National Portrait Gallery in London. Mr. Seliger's work can be viewed on his professional website (at https://www.markseliger.com/).

13.     Erik Carter is a Los Angeles based photographer who specializes in celebrity, documentary, and portrait photography. Originally from Dallas, Texas, Mr. Carter studied theater and directed before becoming a photographer. He aims to call attention to the Black and LGBTQIA+ communities to advocate and support his subject's voices. His work has appeared in a variety of publications such as the Wall Street Journal, Vanity Fair, The New York Times, The Hollywood Reporter, TIME, Rolling Stone, and many more. Mr. Carter's work can be viewed on his professional website (at https://www.erikcarter.com/).

14.     Austin Hargrave, a British photographer, is from Manchester, England and is based in Los Angeles, California.  His career began as a local news photographer where he developed numerous rolls of black and white film manually and then went on to shoot for the local newspaper.  Mr. Hargrave spent numerous years traveling the globe as a photojournalist, capturing everything from tsunamis to the War in Iraq. His work can be viewed on his professional website at (https://austinhargrave.com/).

15.     Ryan Pfluger, a California-based photographer, obtained a Master of Fine Arts degree in Photo, Video, and Related Media from the School of Visual Arts in New York. Mr. Pfluger works to bring memories to life, celebrate meaningful objects, and show how sexuality and gender shape the images he creates. His photographic talent has earned him features in various publications including *Rolling Stone*, *New York Times Magazine*, and *Time*, among others. Mr. Pfluger's portfolio can be viewed on his professional website (at https://www.ryanpfluger.com/).

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

16.    Mr. Streiber created a professional photograph of Ryan Coogler and Chadwick Boseman (titled "AU11200314") (the "<u>First Photograph</u>").   Mr. Streiber created a professional photograph of Kevin Hart (titled "AU11238202") (the "<u>Second Photograph</u>"). Mr. Streiber created a professional photograph of Bob Iger (titled "AU2360965") (the "<u>Third Photograph</u>"). Mr. Streiber created a professional photograph of Sam Neill (titled "AU2400009") (the "<u>Fourth Photograph</u>"). Mr. Asgharnia created a professional photograph of John David Washington (titled "AU11318002") (the "<u>Fifth Photograph</u>"). Mr. Seliger created a professional photograph of actors from the movie "Harry Potter" (titled "AU2165563") (the "<u>Sixth Photograph</u>"). Mr. Carter created a professional photograph of Daniel Kaluuya (titled "AU2244588") (the "<u>Seventh Photograph</u>"). Mr. Hargrave created a professional photograph of Demi Lovato (titled "AU2267347") (the "<u>Eighth Photograph</u>"). Mr. Hargrave created a professional photograph of Ben Affleck (titled "AU2499106") (the "<u>Ninth Photograph</u>"). Mr. Pfluger created a professional photograph of Matthew Perry (titled "AU2527629") (the "<u>Tenth Photograph</u>").  Attached hereto as **<u>Exhibit "A"</u>** is a spreadsheet which identifies the First Photograph, Second Photograph, Third Photograph, Fourth Photograph, Fifth Photograph, Sixth Photograph, Seventh Photograph, Eighth Photograph, Ninth Photograph and Tenth Photograph, the corresponding US Copyright Office registration number for such photographs, and one or more screenshots of the alleged infringement of such photographs.

17.    The First Photograph and Second Photograph were registered by Mr. Streiber with the Register of Copyrights on May 14, 2019 and were assigned Registration No. VA 2-158-022. The Third Photograph was registered by Mr. Streiber with the Register of Copyrights on July 20, 2022 and was assigned Registration No. VA 2-312-038. The Fourth Photograph was registered by Mr. Streiber with the Register of Copyrights on July 7, 2022 and was assigned Registration

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

No. VA 2-310-333. The Fifth Photograph was registered by Mr. Asgharnia with the Register of Copyrights on September 21, 2021 and was assigned Registration No. VA 2-267-934. The Sixth Photograph was registered by Mr. Seliger with the Register of Copyrights on August 11, 2022 and was assigned Registration No. VA 2-317-231. The Seventh Photograph was registered by Mr. Carter with the Register of Copyrights on June 12, 2021 and was assigned Registration No. VA 2-255-504. The Eighth Photograph was registered by Mr. Hargrave with the Register of Copyrights on July 2, 2021 and was assigned Registration No. VA 2-260-844. The Ninth Photograph was registered by Mr. Hargrave with the Register of Copyrights on September 26, 2024 and was assigned Registration No. VA 2-419-324. The Tenth Photograph was registered by Mr. Pfluger with the Register of Copyrights on October 30, 2023 and was assigned Registration No. VA 2-373-779.  A true and correct copy of each Certificate of Registration pertaining to the First Photograph, Second Photograph, Third Photograph, Fourth Photograph, Fifth Photograph, Sixth Photograph, Seventh Photograph, Eighth Photograph, Ninth Photograph, and Tenth Photograph is attached hereto as **Exhibit "B."**

18.    Mr. Streiber is the owner of the First Photograph, Second Photograph, Third Photograph, and Fourth Photograph and has remained the owner at all times material hereto.

19.    Mr. Asgharnia is the owner of the Fifth Photograph and have remained the owners at all times material hereto.

20.    Mr. Seliger is the owner of the Sixth Photograph and has remained the owner at all times material hereto.

21.    Mr. Carter is the owner of the Seventh Photograph and has remained the owner at all times material hereto.

22.    Mr. Hargrave is the owner of the Eighth Photograph and Ninth Photograph and has

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

remained the owner at all times material hereto.

23.    Mr. Pfluger is the owner of the Tenth Photograph and has remained the owner at all times material hereto.

24.    The First Photograph, Second Photograph, Third Photograph, Fourth Photograph, Fifth Photograph, Sixth Photograph, Seventh Photograph, Eighth Photograph, Ninth Photograph, and Tenth Photograph are collectively referred to herein as the "Work."

25.    For all times relevant to this action, Plaintiff and the above-named photographer(s) were parties to one or more written agreements whereby such photographer(s) conveyed to Plaintiff certain exclusive rights in the Work, including but not limited to the exclusive right to reproduce the Work in copies and the exclusive right to distribute copies of the Work to the public by sale and/or licensing.  Such written agreement(s) likewise convey the exclusive right to pursue any infringements of the Work, whether such infringements arose prior to execution of the written agreement(s) or thereafter. As such, Plaintiff is entitled to institute and maintain this action for copyright infringement.  See 17 U.S.C. § 501(b).

### III.    Defendant's Unlawful Activities

26.    Defendant owns and operates a multimedia website that covers entertainment, theme parks, movie magic, and special events among other topics for fans of Disney, Star Wars, and Marvel. Defendant promotes on its business website to have "more than 1,300,000 subscribers on YouTube and over 1.1 billion lifetime views." Defendant also promotes to serve "more than 50 million page views per month" as well as reach "more than 750,000 followers on Facebook" and "over 100,000 followers on Twitter." Defendant advertises/markets its business through its website (https://insidethemagic.net/),  social media (e.g.,  tiktok.com/@insidethemagic.com,  instagram.com/itmnews,  twitter.com/InsideTheMagic,

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

facebook.com/InsideTheMagic,                    http://www.youtube.com/@InsideTheMagic,
https://www.pinterest.com/insidethemagic/,                                    and
https://www.linkedin.com/company/insidethemagic/),  and other forms of advertising.

27.    On September 1, 2020 (after the above-referenced copyright registration of the First Photograph), Defendant displayed and/or published the First Photograph on its website, webpage, social media, and/or printed media as a means of advertising, promoting, and/or marketing its business.

28.    On March 1, 2019 and March 13, 2023 (prior to the above-referenced copyright registration of the Second Photograph), Defendant displayed and/or published the Second Photograph on its website, webpage, social media, and/or printed media as a means of advertising, promoting, and/or marketing its business.

29.    On May 8, 2024 (after the above-referenced copyright registration of the Third Photograph), Defendant displayed and/or published the Third Photograph on its website, webpage, social media, and/or printed media as a means of advertising, promoting, and/or marketing its business.

30.    On March 20, 2023 (after the above-referenced copyright registration of the Fourth Photograph), Defendant displayed and/or published the Fourth Photograph on its website, webpage, social media, and/or printed media as a means of advertising, promoting, and/or marketing its business.

31.    On August 25, 2023 (after the above-referenced copyright registration of the Fifth Photograph), Defendant displayed and/or published the Fifth Photograph on its website, webpage, social media, and/or printed media as a means of advertising, promoting, and/or marketing its business.

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

32.     On March 9, 2024 and July 10, 2025 (after the above-referenced copyright registration of the Sixth Photograph), Defendant displayed and/or published the Sixth Photograph on its website, webpage, social media, and/or printed media as a means of advertising, promoting, and/or marketing its business.

33.     On July 7, 2022 (after the above-referenced copyright registration of the Seventh Photograph), Defendant displayed and/or published the Seventh Photograph on its website, webpage, social media, and/or printed media as a means of advertising, promoting, and/or marketing its business.

34.     On May 19, 2021 (prior to the above-referenced copyright registration of the Eighth Photograph), Defendant displayed and/or published the Eighth Photograph on its website, webpage, social media, and/or printed media as a means of advertising, promoting, and/or marketing its business.

35.     On March 16, 2023 and April 1, 2023 (prior to the above-referenced copyright registration of the Ninth Photograph), Defendant displayed and/or published the Ninth Photograph on its website, webpage, social media, and/or printed media as a means of advertising, promoting, and/or marketing its business.

36.     On June 30, 2024 and July 7, 2024 (after the above-referenced copyright registration of the Tenth Photograph), Defendant displayed and/or published the Tenth Photograph on its website, webpage, social media, and/or printed media as a means of advertising, promoting, and/or marketing its business.

37.     A true and correct copy of the screenshot of Defendant's website, webpage, social media, and/or printed media, displaying the copyrighted Work, is included in Exhibit "A" hereto.

38.     Defendant is not and has never been licensed to use or display the Work.  Defendant

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

never contacted Plaintiff to seek permission to use the Work in connection with Defendant's website, webpage, social media, and/or printed media – even though the Work that was copied is clearly professional photography that would put Defendant on notice that the Work was not intended for public use.

39.    Defendant utilized the Work for commercial use.

40.    Upon information and belief, Defendant located a copy of the Work on the internet and, rather than contact Plaintiff to secure a license, simply copied the Work for its own commercial use.

41.    Through its ongoing diligent efforts to identify unauthorized use of its photographs, Plaintiff's earliest discovery of Defendant's unauthorized use/display of at least one photograph comprising the Work was July 1, 2024. Following Plaintiff's discovery, Plaintiff notified Defendant in writing of such unauthorized use.

42.    All conditions precedent to this action have been performed or have been waived.

### COUNT I – COPYRIGHT INFRINGEMENT
*First Photograph, Third Photograph, Fourth Photograph, Fifth Photograph,*
*Sixth Photograph, Seventh Photograph, and Tenth Photograph*

43.    Plaintiff re-alleges and incorporates paragraphs 1 through 42 as set forth above.

44.    Each of the First Photograph, Third Photograph, Fourth Photograph, Fifth Photograph, Sixth Photograph, Seventh Photograph, and Tenth Photograph is an original work of authorship, embodying copyrightable subject matter, that is subject to the full protection of the United States copyright laws (17 U.S.C. § 101 et seq.).

45.    Mr. Streiber owns a valid copyright in the First Photograph, Third Photograph, and Forth Photograph, having registered such photographs with the Register of Copyrights.

46.    Mr. Asgharnia owns a valid copyright in the Fifth Photograph, having registered

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL 33065
TELEPHONE (877) 437-6228

such photograph with the Register of Copyrights.

47.    Mr. Seliger owns a valid copyright in the Sixth Photograph, having registered such photographs with the Register of Copyrights.

48.    Mr. Carter owns a valid copyright in the Seventh Photograph, having registered such photograph with the Register of Copyrights.

49.    Mr. Fluger owns a valid copyright in the Tenth Photograph, having registered such photograph with the Register of Copyrights.

50.    Plaintiff has standing to bring this lawsuit and assert the claim(s) herein as it has sufficient rights, title, and interest to such copyrights (as Plaintiff was conveyed certain exclusive rights to reproduce and distribute the First Photograph, Third Photograph, Fourth Photograph, Fifth Photograph, Sixth Photograph, Seventh Photograph, and Tenth Photograph by the subject photographer(s)).

51.    As a result of Plaintiff's reproduction, distribution, and public display of the First Photograph, Third Photograph, Fourth Photograph, Fifth Photograph, Sixth Photograph, Seventh Photograph, and Tenth Photograph, Defendant had access to the First Photograph,  Third Photograph, Fourth Photograph, Fifth Photograph, Sixth Photograph, Seventh Photograph, and Tenth Photograph prior to its own reproduction, distribution, and public display of the First Photograph,  Third Photograph, Fourth Photograph, Fifth Photograph, Sixth Photograph, Seventh Photograph, and Tenth Photograph on its website, webpage, and/or social media.

52.    Defendant reproduced, distributed, and/or publicly displayed the First Photograph, Third Photograph, Fourth Photograph, Fifth Photograph, Sixth Photograph, Seventh Photograph, and Tenth Photograph without authorization from Plaintiff.

53.    By its actions, Defendant infringed and violated Plaintiff's exclusive rights in

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

violation of the Copyright Act, 17 U.S.C. § 501. Defendant's infringement was either direct, vicarious, and/or contributory.

54.    Defendant's infringement was willful as it acted with actual knowledge or reckless disregard for whether its conduct infringed upon Plaintiff's copyright. Notably, Defendant itself utilizes a copyright disclaimer on its website ("© 2005–2024 JAK Schmidt, Inc. All rights reserved."), indicating that Defendant understands the importance of copyright protection/intellectual property rights and is actually representing that it owns each of the photographs published on its website. See, e.g., Bell v. ROI Prop. Grp. Mgmt., LLC, No. 1:18-cv-00043-TWP-DLP, 2018 U.S. Dist. LEXIS 127717, at *3 (S.D. Ind. July 31, 2018) ("[T]he willfulness of ROI's infringement is evidenced by the fact that at the bottom of the webpage on which the Indianapolis photograph was unlawfully published appeared the following: 'Copyright © 2017.' By placing a copyright mark at the bottom of its webpage that contained Mr. Bell's copyrighted Indianapolis Photograph, Mr. Bell asserts ROI willfully infringed his copyright by claiming that it owned the copyright to everything on the webpage."); John Perez Graphics & Design, LLC v. Green Tree Inv. Grp., Inc., Civil Action No. 3:12-cv-4194-M, 2013 U.S. Dist. LEXIS 61928, at *12–13 (N.D. Tex. May 1, 2013) ("Once on Defendant's website, Defendant asserted ownership of Plaintiff's Registered Work by including a copyright notice at the bottom of the page. Based on these allegations, the Court finds Plaintiff has sufficiently pled a willful violation…."). Defendant clearly understands that professional photography such as the Work is generally paid for and cannot simply be copied from the internet.

55.    Plaintiff has been damaged as a direct and proximate result of Defendant's infringement.

56.    Plaintiff is entitled to recover its actual damages resulting from Defendant's

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL 33065
TELEPHONE (877) 437-6228

unauthorized use of the First Photograph,  Third Photograph, Fourth Photograph, Fifth Photograph, Sixth Photograph, Seventh Photograph, and Tenth Photograph and, at Plaintiff's election (pursuant to 17 U.S.C. § 504(b)), Plaintiff is entitled to recover damages based on a disgorgement of Defendant's profits from infringement of the First Photograph, Third Photograph, Fourth Photograph, Fifth Photograph, Sixth Photograph, Seventh Photograph, and Tenth Photograph, which amounts shall be proven at trial.

57.    Alternatively, and at Plaintiff's election, Plaintiff is entitled to statutory damages pursuant to 17 U.S.C. § 504(c), in such amount as deemed proper by the Court.

58.    Pursuant to 17 U.S.C. § 505, Plaintiff is further entitled to recover its costs and attorneys' fees as a result of Defendant's conduct.

59.    Defendant's conduct has caused, and any continued infringing conduct will continue to cause irreparable injury to Plaintiff unless enjoined by the Court. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction prohibiting infringement of Plaintiff's exclusive rights under copyright law.

**WHEREFORE**, Plaintiff demands judgment against Defendant as follows:

a. A declaration that Defendant has infringed Plaintiff's copyrights in the First Photograph, Third Photograph, Fourth Photograph, Fifth Photograph, Sixth Photograph, Seventh Photograph, and Tenth Photograph;

b. A declaration that such infringement is willful;

c. An award of actual damages and disgorgement of profits as the Court deems proper or, at Plaintiff's election, an award of statutory damages for each photograph comprising the First Photograph, Third Photograph, Fourth Photograph, Fifth Photograph, Sixth Photograph, Seventh Photograph, and Tenth Photograph;

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

d. Awarding Plaintiff its costs pursuant to 17 U.S.C. § 505;

e. Awarding Plaintiff its costs and reasonable attorneys' fees pursuant to 17 U.S.C. § 505;

f. Awarding Plaintiff interest, including prejudgment interest, on the foregoing amounts;

g. Permanently enjoining Defendant, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all those in active concert and participation with Defendant, from directly or indirectly infringing Plaintiff's copyrights or continuing to display, transfer, advertise, reproduce, or otherwise market any works derived or copied from the First Photograph, Third Photograph, Fourth Photograph, Fifth Photograph, Sixth Photograph, Seventh Photograph, and Tenth Photograph or to participate or assist in any such activity; and

h. For such other relief as the Court deems just and proper.

**COUNT II – COPYRIGHT INFRINGEMENT**

*Second Photograph, Eighth Photograph, Ninth Photograph*

60. Plaintiff re-alleges and incorporates paragraphs 1 through 42 as set forth above.

61. Each photograph comprising the Second Photograph, Eighth Photograph, and Ninth Photograph is an original work of authorship, embodying copyrightable subject matter, that is subject to the full protection of the United States copyright laws (17 U.S.C. § 101 et seq.).

62. Mr. Streiber owns a valid copyright in the Second Photograph, having registered such photographs with the Register of Copyrights.

63. Mr. Hargrave owns a valid copyright in the Eighth Photograph, having registered such photograph with the Register of Copyrights.

64. Mr. Hargrave owns a valid copyright in the Ninth Photograph, having registered such photographs with the Register of Copyrights.

65. Plaintiff has standing to bring this lawsuit and assert the claim(s) herein as it has

14

sufficient rights, title, and interest to such copyrights (as Plaintiff was conveyed certain exclusive rights to reproduce and distribute the Second Photograph, Eighth Photograph, and Ninth Photograph by the subject photographer(s)).

66.     As a result of Plaintiff's reproduction, distribution, and public display of the Second Photograph, Eighth Photograph, and Ninth Photograph, Defendant had access to the Second Photograph, Eighth Photograph, and Ninth Photograph prior to its own reproduction, distribution, and public display of the Second Photograph, Eighth Photograph, and Ninth Photograph on its website, webpage, and/or social media.

67.     Defendant reproduced, distributed, and/or publicly displayed the Second Photograph, Eighth Photograph, and Ninth Photograph without authorization from Plaintiff.

68.     By its actions, Defendant infringed and violated Plaintiff's exclusive rights in violation of the Copyright Act, 17 U.S.C. § 501.  Defendant's infringement was either direct, vicarious, and/or contributory.

69.     Plaintiff has been damaged as a direct and proximate result of Defendant's infringement.

70.     Plaintiff is entitled to recover its actual damages resulting from Defendant's unauthorized use of the Second Photograph, Eighth Photograph, and Ninth Photograph and, at Plaintiff's election (pursuant to 17 U.S.C. § 504(b)), Plaintiff is entitled to recover damages based on a disgorgement of Defendant's profits from infringement of the Second Photograph, Eighth Photograph, and Ninth Photograph, which amounts shall be proven at trial.

71.     Defendant's conduct has caused, and any continued infringing conduct will continue to cause irreparable injury to Plaintiff unless enjoined by the Court. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

injunction prohibiting infringement of Plaintiff's exclusive rights under copyright law.

**WHEREFORE**, Plaintiff demands judgment against Defendant as follows:

i. A declaration that Defendant has infringed Plaintiff's copyrights in the Second Photograph, Eighth Photograph, and Ninth Photograph;

j. An award of actual damages and disgorgement of profits as the Court deems proper;

k. Awarding Plaintiff its costs pursuant to 17 U.S.C. § 505;

l. Awarding Plaintiff interest, including prejudgment interest, on the foregoing amounts;

m. Permanently enjoining Defendant, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all those in active concert and participation with Defendant, from directly or indirectly infringing Plaintiff's copyrights or continuing to display, transfer, advertise, reproduce, or otherwise market any works derived or copied from the Second Photograph, Eighth Photograph, and Ninth Photograph or to participate or assist in any such activity; and

n. For such other relief as the Court deems just and proper.

Dated: November 13, 2025.

COPYCAT LEGAL PLLC
3111 N. University Drive
Suite 301
Coral Springs, FL 33065
Telephone: (877) 437-6228
dan@copycatlegal.com

By: /s/ Daniel DeSouza_____
        Daniel DeSouza, Esq.

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL 33065
TELEPHONE (877) 437-6228